y

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA MORRISON, an individual; KELLIE VALENCIA, an individual; and KARIE KUEHL, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., f/k/a Teva Global Respiratory Research, LLC.; TEVA PHARMACEUTICALS USA, INC.; ALZA CORPORATION; JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a Johnson & Johnson Research & Development, LLC; ORTHO-MCNEIL PHARMACEUTICAL, LLC; JANSSEN PHARMACEUTICALS, INC. d/k/a Ortho-McNeil- Janssen Pharmaceuticals, Inc. f/k/a Janssen Pharmaceutica Inc.; JANSSEN ORTHO LLC; JOHNSON & JOHNSON; DR. C. LOWELL PARSONS, MD, an individual; and DOES 1-20, <br><br> Defendants. | Case No.: 22-cv-1074-GPC-MSB <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO STAY** <br><br> **[ECF No. 7]** |

1

Before the Court is Defendants' Motion to Stay all proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on transfer to an MDL court. ECF No. 7. Plaintiffs filed an Opposition on September 30, 2022. ECF No. 16. Defendants filed a Reply on October 7, 2022. ECF No. 19. For the reasons below, the Court **GRANTS** Defendants' Motion to Stay and **VACATES** the hearing scheduled for October 21, 2022. The hearing on Plaintiffs' Motion to Remand, (ECF No. 9), currently set for December 2, 2022, is **VACATED**.

## BACKGROUND

Plaintiffs filed a putative class action in the Superior Court of California, County of San Diego on or around June 15, 2022. ECF No. 1-2. Plaintiffs allege that Elmiron, a prescription drug marketed to treat Interstitial Cystitis and manufactured by some of the named Defendants, caused them "severe physical and emotional injuries as well as severe symptoms including . . . [b]lurred vision, difficulty adapting to dim lighting or darkness, difficulty seeing at night, and sensitivity to light." ECF No. 1, Exhibit A ("Complaint") ¶ 28. Plaintiffs also allege that they were given inadequate warnings regarding the risk of these injuries. *Id.* ¶ 8. Plaintiffs seek "compensatory damages, statutory damages, punitive damages, attorneys' fees, costs and all other available remedies and damages allowed by law." *Id.* ¶ 11.

Defendants removed this action to federal court on July 22, 2022 pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF No. 1 at 4. On July 22, 2022, Defendants filed a Notice of Related Cases stating that cases involving "retinal injuries associated with the use of Elmiron" had been centralized in an MDL proceeding the District of New Jersey. ECF No. 3 at 2. Defendants stated that on July 25, 2022 they provided notice to the MDL Panel of this "tag-along" action. ECF No. 7 at 4. The JPML issued a Conditional Transfer Order, which Plaintiffs opposed and gave notice of a

Motion to Vacate. *Id.* at 4-5. The JPML issued a briefing schedule on the Motion to Vacate and ordered that all briefing be complete on or before September 21, 2022. *Id.* at 5.

On August 18, 2022, Defendants filed this Motion to Stay all proceedings pending a ruling by the JPML. ECF No. 7. Plaintiffs filed an Opposition on September 30, 2022, (ECF No. 16), and Defendants filed a Reply on October 7, 2022, (ECF No. 19). A hearing was set for October 21, 2022.

Plaintiffs filed a Motion to Remand on August 19, 2022. ECF No. 8. A briefing schedule was provided: any Opposition to the Motion for Remand is due on or before November 1, 2022; any Reply is due on or before November 15, 2022; and a hearing is currently scheduled for December 2, 2022. ECF No. 15 at 2-3.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co.*, 299 U.S. 248, 254 (1936). Courts consider three factors in deciding whether to stay proceedings: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are later consolidated in an MDL. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. Aug. 11, 1997). "Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). "'The general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred to the MDL panel.'" *In re Diet Drug Litig.*, 2012 WL 13012665, at *1 (C.D. Cal. 2012) (quoting *Michael v. Warner-Lambert Co.*, 2003 U.S. Dist. LEXIS 21525, at *4 (S.D. Cal. Nov. 20, 2003)). "Deference to the

MDL court for resolution of a motion to remand provides an opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. July 8, 2004).

## DISCUSSION

The Court finds the above factors weigh in favor of granting a stay pending the JPML's decision. Defendants claim they will "face significant hardship if a stay is not granted" because they will be required to engage in "duplicative briefing and arguments." ECF No. 7 at 8. Defendants state that "[t]he 'potential burden' to the parties 'of engaging in duplicative litigation weighs heavily in favor of staying . . . proceedings pending MDL transfer.'" ECF No. 7 at 8 (quoting *Jones v. Bristol-Myers Squibb Co.*, 2013 WL 3388659, at *3 (N.D. Cal. July 8, 2013)); *see also Nielsen v. Merck & Co.*, 2007 WL 806510, at *2 (N.D. Cal. Mar. 15, 2007) ("[A]bsent a stay, [Defendant] would suffer prejudice from being forced to litigate the same jurisdictional issues in multiple forums."). Plaintiffs argue the Motion to Stay should be denied because Defendants have not sufficiently shown they will suffer significant hardship and prejudice absent a stay. ECF No. 16 at 5. Although the burden on Defendants if this case is not stayed pending the JPML decision is not tremendous (Defendants will only have to file a single Opposition to Plaintiffs' Motion for Remand in this Court), this factor weighs slightly in favor of granting the stay.

The Court finds that potential prejudice to the Plaintiffs by granting a stay is limited. The stay is not indefinite and will be lifted as soon as the JPML issues its decision. It is expected that the pending JPML Motion will be set for the JPML's next hearing date on December 1, 2022, and that the JPML's Order will be issued shortly after this hearing. *See* ECF No. 19 at 3. At that point, briefing on the Motion to Remand will occur either in this Court or in the MDL court. The transferee court is just as capable to

decide a Motion to Remand as this Court, and minimal prejudice exists when Plaintiff is able to make their same jurisdictional arguments in the MDL Court. *See In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge." (citing *In re Ivy*, 901 F.2d 7 (2nd Cir. 1990)))). Further, Defendant argues that a short stay is not prejudicial at this point because "there has been little activity in the case." ECF No. 7 at 9 (citing *Franklin v. Prospect Mortg., LLC*, 2013 WL 6423389, at *2 (E.D. Cal. Dec. 9, 2013) ("In addition, there has not been a significant amount of activity in this case. Therefore the Court finds that Plaintiffs will not be prejudiced by the delay.")).

Last, judicial economy favors a stay. Granting a motion to stay proceedings pending a decision by the JPML is a practice courts routinely follow because of the judicial resources that are saved. *See e.g.*, *Little v. McKesson Corp.*, 2016 WL 8668899, at *2 (S.D. Cal. Dec. 16, 2016) ("Where an MDL is being considered or a transfer pending, a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings . . . because of the judicial resources that are conserved."); *Harris v. Merck & Co. Inc.*, 2006 WL 4056986, at *2 (S.D. Cal. Dec. 11, 2006) (granting a stay awaiting JPML decision while motion for remand was pending); *Rivers*, 980 F. Supp. at 1362 ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."). If the JPML determines transfer is appropriate, any resources expended on behalf of this Court will have been needless, as such efforts would most likely be duplicated by the transferee judge.

A stay will also prevent the possibility that conflicting rulings are issued by this Court and the transferee court. *See American Seafood, Inc. v. Magnolia Processing*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) (granting a stay to prevent conflicting rulings

on pending motions by transferor and transferee court). In sum, the risk of inconsistent rulings and the judicial resources that will be conserved outweigh any potential prejudice Plaintiffs might suffer as a result of a short, not indefinite stay.

## CONCLUSION

For the above reasons, Defendants' Motion to Stay is **GRANTED**. The hearing on this Motion, currently scheduled for October 21, 2022, and the hearing on Plaintiffs' Motion to Remand, currently scheduled for December 2, 2022, is **VACATED**. The Parties are **ORDERED** to file a joint status report apprising the Court of the JPML's decision within 30 days of the JPML's Order.

**IT IS SO ORDERED.**

Dated: October 18, 2022

Hon. Gonzalo P. Curiel
United States District Judge